## UNITED STATES

v.

**Sergeant Dennis L. SPRINGER, FR 362–62–5923 United States Air Force.**

**ACM 22335.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Nov. 1977.

Decided 24 April 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Major Martin F. McAlwee, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The Air Force Office of Special Investigations (OSI) received information which linked the accused to the theft of a rifle from the mail room in which he worked. He was interviewed by the OSI, and after proper advice as to his rights against self-incrimination and his right to counsel, he made two written statements in which he admitted taking, over an extended period of time, numerous items from the mail room. Herein, we are concerned with whether there is sufficient evidence corroborative of the confession as required by paragraph 140 a (5) Manual for Courts-Martial, United States, 1969 (Revised edition), to allow the confession into evidence. That paragraph states:

> It is a general rule that a confession or admission of the accused cannot be considered as evidence against him on the question of guilt or innocence unless independent evidence, either direct or circumstantial, has been introduced which corroborates the essential facts admitted sufficiently to justify an inference of their truth . . . If the independent evidence raises an inference of the truth of some, but not all, of the essential facts admitted, then the confession or admission may be considered as evidence against the accused only with respect to those essential facts stated in the confession or admission which are so corroborated by the independent evidence.

The *Manual* provisions were derived from the decisions of the United States Supreme Court in *Smith v. United States,* 348 U.S.

147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), and *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). See AF Summary of Changes in the Manual for Courts-Martial 1969, 63 (1968). In *Smith,* 348 U.S. at page 156, 75 S.Ct. at page 199, the Supreme Court declared:

It is agreed that the corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that [the] defendant is guilty.

In determining "the substantiality of specific independent evidence," the Court added that "corroboration is necessary for all elements of the offense established by admissions alone," but that corroboration is sufficient if it "merely fortifies the truth of the confession, without independently establishing the crime charged." The Court then indicated that "one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused."

█ In applying these tests for determining the sufficiency of corroborating evidence to the specification of the Charge and Specification 1, 2, 7, 8 and 9 of Additional Charge I, evidence offered by a stipulation of fact provided substantial independent evidence of the offenses. The stipulation established that the items alleged, a vacuum cleaner, rifles, a tape recorder, recording tapes and several record albums, which had been turned over to the OSI by the accused, belonged to someone other than the accused and had been properly placed in the mails. The evidence was independent of the confession and directly corroborated the essential facts admitted sufficiently to justify an inference of their truth. Therefore, the admission as to these offenses, portions of which were included in both confessions, was properly considered by the fact finder. *United States v. Seigle,* 22 U.S.C.M.A. 403, 47 C.M.R. 340 (1973); *United States v. Richards,* 47 C.M.R. 544 (A.F.C.M.R.1973).

As to the items charged in Specifications 3, 4, 5 and 6 of Additional Charged I and the Specification of Additional Charge II, which include speakers, cameras, a tape recorder, and a typewriter, the only evidence independent of the confession was also offered by a stipulation of fact. The stipulation establishes that the items were turned over to the OSI by the accused. Except for the value of the items, there was no other evidence related directly to these offenses. Trial counsel relied on *United States v. Seigle,* supra, and contended that the accused's possession of the items, coupled with the similar charges of larceny discussed in the preceding paragraph were sufficient to provide the required corroboration.

In *Seigle* the facts show the accused admitted to taking, during a 2 week period, 74 record albums and a phonograph from the base exchange. Independent testimony from several witnesses established that on several occasions Seigle was seen taking from 2 to 15 record albums at a time from the exchange without paying. Six of the albums were also identified by stock numbers as coming from the exchange. The phonograph was similar to ones in the exchange and the box in which it was packaged bore a base exchange stock number. Given these facts, the Court found sufficient evidence which bolstered the "essential facts admitted sufficient to justify an inference of their truth."

Defense counsel rely on *United States v. Kaetzel,* 48 C.M.R. 58 (A.F.C.M.R.1973), which holds that the use or possession of illicit drugs on earlier occasions cannot be used to directly corroborate admissions of use at a later time. They contend that the fact that the accused committed other similar offenses does not directly relate to the essential facts, i. e. the elements of the offense in question, *Smith v. United States,* supra; *United States v. Coats,* 20 U.S.C.M.A. 132, 42 C.M.R. 324 (1970), and, therefore, does not provide the necessary corroboration for the confession.

█ We agree with defense counsel that the evidence is insufficient to provide the necessary corroboration in this case. We do

believe, however, that under proper circumstances, evidence of similar offenses could provide the required corroboration such as when the items are alike or taken over a short period of time. Other factors that could be considered include the number of items taken, when the items far exceed the individual's reasonable needs, and when the items are stored with items as to which there is independent evidence.

■ Here the independent facts showed only similar offenses of larceny that occurred over an extended period of time, coupled with the accused producing the items he admitted to taking. This evidence constitutes insufficient corroboration to establish the truthfulness of the accused's admission of these offenses. See *United States v. Bailey,* 3 M.J. 799 (A.C.M.R.1977); *United States v. Kaetzel,* supra; *United States v. Holler,* 43 C.M.R. 461 (A.C.M.R. 1970).

Accordingly, the findings of guilty as to Specifications 3, 4, 5 and 6 of Additional Charge I and the Specification of Additional Charge II and Charge II, are set aside and ordered dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above indicated error and the entire record, we affirm only so much of the sentence as provides for bad conduct discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances and reduction to airman basic.

EARLY, Chief Judge, and ORSER, Judge, concur.